UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN BEYER,<br><br>Defendant. | NO. CR21-163-RSL<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Entry of a Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, the Defendant Jonathan Beyer's interest in the following property:

a. One custom built desktop computer seized from the Defendant on or about January 23, 2019;

b. One HP laptop computer seized from the Defendant on or about January 23, 2019;

c. One Intel SSD 510 Series External Hard Drive seized from the Defendant on or about January 23, 2019; and,

d. One Samsung Galaxy S8 seized from the Defendant on or about January 23, 2019.

Preliminary Order of Forfeiture - 1
*United States v. Beyer,* CR21-163-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- The above-identified electronics are forfeitable pursuant to 18 U.S.C. § 2253(a) as the Defendant used them to commit or to facilitate his commission of the offense of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2); and,
- Pursuant to the plea agreement he entered on October 18, 2021, the Defendant agreed to forfeit these electronics pursuant 18 U.S.C. § 2253(a) (Dkt. No. 7, ¶ 13).

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. § 2253(a) and his plea agreement, the Defendant's interest in the above-identified electronics is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3) The U.S. Department of Justice, the Federal Bureau of Investigation (FBI) and/or their authorized agents or representatives shall maintain the electronics in their custody and control until further order of this Court. The FBI shall destroy any prohibited images unless they have been destroyed already or will be retained for official, investigative use, as permitted by 21 U.S.C §§ 853(i) and 881(e);

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the electronics as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the electronics, the United States shall, to

Preliminary Order of Forfeiture - 2
*United States v. Beyer,* CR21-163-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the electronics must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.  shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the electronics;

    b.  shall be signed by the petitioner under penalty of perjury; and,

    c.  shall set forth the nature and extent of the petitioner's right, title, or interest in the electronics, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the electronics, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accord with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of

///

///

Preliminary Order of Forfeiture - 3
*United States v. Beyer,* CR21-163-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to
2 Fed. R. Crim. P. 32.2(e).

4     IT IS SO ORDERED.

5     DATED this __4th__ day of February, 2022.

```
                                    /s/ Robert S. Lasnik
                                    _____
                                    THE HON. ROBERT S. LASNIK
                                    UNITED STATES DISTRICT JUDGE
```

16 Presented by:

18  /s/ Michelle Jensen
19 MICHELLE JENSEN
Assistant United States Attorney
20 United States Attorney's Office
700 Stewart Street, Suite 5220
21 Seattle, WA 98101
22 (206) 553-2619
23 Michelle.Jensen@usdoj.gov

Preliminary Order of Forfeiture - 4
*United States v. Beyer,* CR21-163-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970